IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| COREY KEITH, | § | |
| TDCJ-CID No. 2134348, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:24-CV-33-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS PETITION

Petitioner Corey Keith ("Keith") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging nine prison disciplinary cases he received while housed in the Clements Unit of the Texas Department of Criminal Justice ("TDCJ"). (ECF 6). For the reasons stated below, the petition should be DISMISSED with prejudice.

## I. BACKGROUND

Keith seeks to challenge nine disciplinary cases arising out of his failure to report for his work assignments, allegedly because he had not received medical attention for a head injury. He was found guilty of the disciplinary charges and was given a variety of punishments, including loss of good time credits for some, but not all, of the disciplinary convictions.

### A.      Case No. 20230199489 (the First Case).

On June 28, 2023, at 9:26 a.m., TDCJ notified Keith that he was charged with violating TDCJ Disciplinary Rules and Procedures Rule 25.0 on June 22, 2023. (ECF 27-1 at 8). Under Rule 25.0, inmates may be disciplined for "[r]efusing or failing to begin a work assignment without a legitimate reason, such as illness; refusing or failing to complete a work assignment, or obey an order from a work supervisor to perform a certain task, without a legitimate reason, such as illness;

failure to complete a reasonable amount of an offender's work assignment within a reasonable period of time; sleeping on the job; and reporting late to work, without a legitimate reason." *See* TDCJ-CID, Disciplinary Rules and Procedures for Offenders Rule 25.0.[1]

Keith waived his right to receive 24 hours' notice of the hearing, and the hearing was held the same day as the charge. (ECF 27-1 at 8). Keith appeared and pleaded not guilty; however, he refused to give any statement. (*Id.*). During the preliminary investigation, Keith stated that he did not "feel like [he] need[ed] to be out moving around," as he was "[t]rying to see a doctor." (*Id*. at 10). He failed to report to work with "no lay ins," to excuse such failure. (*Id*.). The Disciplinary Hearing Officer ("DHO") found Keith guilty and assessed a punishment of 30 days each of lost commissary and recreational privileges. (*Id*. at 8). Keith did not file a grievance. (*Id.* at 105).

### B.      Case No. 20230199492 (the Second Case).

Also on June 28, 2023, at 9:27 a.m., TDCJ notified Keith that he was charged with violating Rule 25.0 on June 23, 2023. (*Id*. at 18). Keith waived his right to receive 24 hours' notice of the hearing, and the hearing was held the same day. (*Id*.). Keith appeared and pleaded not guilty, admitting that he did not go to work because he "hit [his] head." (*Id*.). The accusing officer stated Keith "did not come to work," wherein Keith stated he "broke [his] neck before and need[ed] an X-ray." (*Id*. at 21). The DHO found Keith guilty and assessed a punishment of 30 days of commissary lost. (*Id*. at 18). Keith did not file a grievance. (*Id*. at 105).

### C.      Case No. 20230201199 (the Third Case).

On June 30, 2023, at 12:35 p.m., TDCJ notified Keith that he was charged with violating Rule 25.0 for failing to report to work on June 27, 2023. (*Id*. at 27). Keith waived his right to

---

[1] *See* https://www.tdcj.texas.gov/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf at 38-9 (last accessed January 8, 2026).

receive 24 hours' notice, but the hearing was not held until July 11, 2023, at 9:17 a.m. (*Id.*). Keith appeared and pleaded not guilty. (*Id.*). Keith admitted he did not go to work because he was waiting to get medical attention for his head injury. (*Id.* at 27, 30). TDCJ noted that Keith did not have medical leave for that date, although he did have an appointment for June 26, 2023. (*Id.* at 32). However, because Keith failed to attend the appointment, it was rescheduled for July 3, 2023. (*Id.*). The DHO found Keith guilty, assessing a punishment of: (1) 45 days of recreation lost; (2) 46 days of commissary lost; (3) a reduction in line class from L1 to L2; and (4) 30 days of good time credits lost. (*Id.* at 27). Keith did not file a grievance. (*Id.* at 105).

### D.    Case No. 20230202727 (the Fourth Case).

On July 7, 2023, at 8:09 p.m., TDCJ notified Keith that he was charged with violating Rule 25.0 for failing to work on June 30, 2023. (*Id.* at 39). The hearing was held on July 9, 2023. *Id.* Keith appeared and pleaded not guilty, admitting he did not go to work because he had "medical problems I need to have fixed before I work." (*Id.*). The accusing officer alleged that Keith refused to work "without a legitimate reason." (*Id.* at 40). The DHO found Keith guilty, assessing a punishment of 15 days each of lost recreation and commissary privileges. (*Id.* at 39). Keith did not file a grievance (*Id.* at 105).

### E.    Case No. 20230209873 (the Fifth Case).

On July 17, 2023, at 10:50 a.m., TDCJ notified Keith that he was charged with violating Rule 25.0 for failing to work on July 11, 2023. (*Id.* at 53). Keith received more than 24 hours' notice of the hearing, and he attended the hearing on August 2, 2023. (*Id.*). Keith pleaded not guilty and claimed he wanted medical attention. (*Id.*). During the investigation, Keith claimed he would receive "a medical lay[-]in in a couple of days." (*Id.* at 55). In an Inter-Office Communication, TDCJ noted that Keith had been missing his medical appointments. (*Id.* at 61). The DHO found

Keith guilty, assessing a punishment of 66 days of lost commissary and a reduction in line class from L1 to L2. (*Id*. at 53).

Keith filed a Step-1 grievance on August 13, 2023. (*Id*. at 110-11). In the grievance, he alleged that he had a "possibly and probable serious injury . . . and had not yet received any medical attention." (*Id*. at 110). He also referred to having a neck injury from 2010. (*Id*. at 111). The TDCJ Grievance Department reviewed the case and affirmed the disciplinary conviction, finding that there was sufficient evidence, all due process requirements were satisfied, and the punishment was within agency guidelines. (*Id*.). Keith filed a Step-2 Grievance on October 9, 2023, claiming that he had a medical excuse for not working. (*Id*. at 112-13). The TDCJ Grievance Department, however, affirmed the conviction, finding that the guilty verdict was appropriate, punishment was consistent with guidelines, and no due process errors were noted. (*Id*. at 113).

### F.    Case No. 20230215194 (the Sixth Case).

On July 25, 2023, at 10:25 a.m., TDCJ notified Keith that he was charged with violating Rule 27.0—being out of place—a Level 2 offense, and Rule 24.0—refusing to obey an order— also a Level 2 offense, both committed on July 20, 2023. (*Id*. at 63). Keith failed to attend the August 10, 2023, hearing. (*Id*.). Through counsel substitute, Keith pleaded not guilty to both charges. (*Id*.). The accusing officer ordered Keith several times to go to the dayroom and leave the area because he was out of place, but he refused. (*Id*. at 64-65). Keith admitted he was ordered to return to the dayroom but he instead "was going to take a shower." (*Id*. at 65). The DHO found Keith guilty of being out of place but dismissed the charge of refusing to obey, assessing a punishment of: (1) 30 days of lost telephone privileges; (2) 30 days of lost tablet privileges; (3) a reduction in line class from L2 to L3; and (4) 30 days of lost good time credits. (*Id*. at 63). Keith

did not file a grievance. (*Id*. at 105).

### G.   Case No. 20230218401 (the Seventh Case).

On July 31, 2023, at 11:23 a.m., TDCJ notified Keith that he was charged with violating Rule 25.0 for failing to work on July 24, 2023. (*Id*. at 71). Keith received more than 24 hours of notice, but refused to attend the August 10, 2023, hearing. (*Id*.). Through his counsel substitute, Keith pleaded not guilty. (*Id*.). During the investigation, Keith claimed again he was "waiting on medical to see [him]" and that he "had an appointment." (*Id*. at 74). In its Inter-Office Communication, TDCJ stated that Keith claimed he had a medical problem, yet he had no medical restriction. (*Id*. at 77). Keith had not "been to work in over [one] month and ha[d] no medical facts to support his claim." (*Id.*). Despite being ordered to report to work, Keith "refused and returned to his housing area." (*Id*.). Keith did not have any relevant input by medical personnel pertinent to the disciplinary charge. (*Id*. at 78). The DHO found Keith guilty, assessing a punishment of: (1) 44 days of lost recreation; (2) 54 days' restriction of telephone privileges; and (3) 30 days' restriction of tablet privileges. (*Id*. at 71). Keith did not file a grievance. (*Id*. at 105).

### H.   Case No. 20230225264 (the Eighth Case).

On August 10, 2023, at 9:25 a.m., TDCJ notified Keith that he was charged with violating Rule 25.0 for failing to work on August 1, 2023. (*Id*. at 81). Keith received more than 24 hours' notice of the August 25, 2023, hearing, but he refused to attend. (*Id*. at 81, 88). Through his counsel substitute, Keith pleaded not guilty. (*Id*. at 81). During the investigation, the accusing officer stated that Keith refused to work but had no "lay ins" or other legitimate excuse for doing so. Keith stated he was "getting help from medical." (*Id*. at 82-83). Keith did not have any work restriction or a medical pass. (*Id*. at 83, 85). Keith did not refute the charge. (*Id*. at 89). The DHO found Keith guilty, assessing a punishment of 45 days of lost good time credits. (*Id*. at 81). Before the hearing

was held, Keith filed a Step-1 Grievance to appeal on August 13, 2023, but it was dismissed because the DHO's final decision had not been issued. (*Id.* at 106-07). After the disciplinary decision was rendered, Keith did not file a grievance. (*Id.* at 105-13).

### I.    Case No. 20230225265 (the Ninth Case).

On August 10, 2023, at 9:25 a.m., TDCJ notified Keith that he was charged with violating Rule 25.0 for failing to work on August 2, 2023. (*Id.* at 93). Keith received more than 24 hours' notice of the August 25, 2023, hearing, but refused to attend. (*Id.* at 93, 102). Through his counsel substitute, Keith pleaded not guilty. (*Id.* at 93). During the investigation, the accusing officer stated that Keith had been refusing to work for over a month when he had "no medical restrictions and no excuse to miss." (*Id.* at 95). Keith did not refute the charge. (*Id.* at 101). The DHO found Keith guilty, assessing a punishment of: (1) 23 days of lost commissary; (2) 15 days' restriction of telephone privileges; (3) visitation privileges suspended for 177 days; (4) 21 days of cell restriction; and (5) 45 days of lost good time credits. (*Id.* at 93). Before the hearing was held, Keith filed a Step-1 grievance to appeal on August 13, 2023, but it was dismissed because the DHO's final decision had not yet been issued. (*Id.* at 108-09). After the final decision was rendered, Keith did not file a grievance. (*Id.* at 105-13).

## II. LEGAL ANALYSIS

### A.    Exhaustion of Remedies Under Section 2254.

Section 2254(b)(1)(A) provides that an application for writ of habeas corpus "shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." Section 2254(c) further explains:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c). As the Supreme Court has noted, this exhaustion requirement gives "the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). A petitioner "must exhaust all available state remedies before he may obtain federal habeas relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Stated another way, "[j]ust as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

The exhaustion requirement of Section 2254 also applies to challenges to disciplinary proceedings. *Anthony v. Johnson*, 177 F.3d 978, 978 (5th Cir. 1999) (per curiam). However, Texas state courts will not entertain habeas corpus challenges to a prison disciplinary proceeding. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988). As a result, to satisfy the exhaustion requirement when challenging a prison disciplinary hearing, a petitioner need only exhaust the prison grievance procedures. *Anthony*, 177 F.3d at 978 (citing *Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3 (5th Cir. 1993)).

TDCJ grievance procedures require that inmates complete a two-step grievance process before their claim is considered exhausted. *Rosa v. Littles*, 336 F. App'x 424, 428 (5th Cir. 2009); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The inmate first must file a Step-1 grievance within 15 days of the incident of which he complains. *Rosa*, 336 F. App'x at 428. Such grievance is handled at the prison facility. The inmate then may appeal an adverse Step-1 grievance decision by filing a Step-2 grievance, which is handled at the state level. *Id.* Both steps of the administrative process must be completed to fully exhaust TDCJ's administrative

remedies. *See Johnson*, 385 F.3d at 515; *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2004).

**B.      Exceptions to the Exhaustion Requirement.**

The exhaustion requirement, however, is not absolute. *See* 28 U.S.C. § 2254(b). Specifically, the petitioner must exhaust state remedies unless: (1) there is an absence of available State corrective process; or (2) circumstances exist that render such process ineffective to protect the rights of the applicant. *See* Section 2254(b)(1)(B). In addition, federal courts may deny a petition for writ of habeas corpus on the merits despite a failure to exhaust. *Id.* at subsection (b)(2). Exhaustion is not required "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "[E]xhaustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum … is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion." *Dilworth v. Johnson*, 215 F.3d 497, 501 n.3 (5th Cir. 2000) (quoting *Carter v. Estelle*, 677 F.2d 427, 446 (5th Cir. 1982)). The futility exception applies when "the highest state [court] has recently decided the same legal question adversely to the petitioner." *Id*. (quoting *Fisher v. State of Texas*, 169 F.3d 295, 303 (5th Cir 1999)).

**C.      Keith's Exhausted Claim.**

In his Reply Brief, Keith does not dispute the government's contention that he fully exhausted his administrative remedies as to only one of his disciplinary cases: the fifth case, in which he lost commissary privileges and was demoted in line status. (ECF 46). However, these punishments are not redressable in a habeas proceeding.

The Fifth Circuit has held that certain prison administrative decisions do not create

constitutionally protected liberty interests. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time (*i.e.*, loss of line status) is not enough to trigger due process protections. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Likewise, the imposition of commissary, recreation and cell restrictions do not implicate due process concerns. *See Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009); *Gaona v. Erwin*, 224 F. App'x 327, 328 (5th Cir. 2007); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("We agree that Madison's 30[-]day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns."). Keith is not entitled to habeas relief for loss of commissary privileges or line status in connection with his fifth case.

**D.      Keith's Unexhausted Claims.**

Keith does not dispute that he failed to exhaust administrative remedies as to his remaining eight disciplinary cases. The issue, however, is irrelevant as to all but four of his cases, because, under the authority stated above, he suffered only changes in the conditions of his confinement (loss of commissary, recreation, telephone, visitation and tablet privileges) that did not implicate due process concerns. Therefore, even if he had exhausted his remedies, he would not be entitled to relief for the first, second, fourth or seventh cases. Loss of good time credits, however, can be cognizable in a habeas proceeding; accordingly, the Court must consider whether Keith should be excused for his failure to exhaust his administrative remedies as to the third, sixth, eighth and ninth disciplinary cases.[2]

Keith argues that the exhaustion requirement is not absolute, and that case law construing habeas cases under 28 U.S.C. § 2241 indicates that, when Congress has not specifically mandated

---

[2]Because Keith is eligible for mandatory supervision, he has a liberty interest in the good time credits he lost. (ECF 27-1 at 3).

that exhaustion is required, "sound judicial discretion governs," citing *McCarthy v. Madigan*, 503 U.S. 140, 145-49 (1992). Keith asks the Court to exercise such discretion and excuse his failure to exhaust due to his medical condition.

While Section 2241 does not contain an exhaustion requirement, Section 2254 (which applies here[3]) clearly does, and the Court will not read into the statute additional exceptions beyond what the plain text of Section 2254 allows. As noted above, Section 2254 states that a petitioner may be excused from exhausting his claims if: (1) there is an absence of available State corrective process; or (2) circumstances exist that render such process ineffective to protect the rights of the applicant. *See* Section 2254(b)(1)(B). The State of Texas' grievance procedure clearly operates as an "available State corrective process," so the sole issue is whether "circumstances exist" that render the process ineffective to protect Keith's rights.

Keith has the burden to show that the state's grievance process is ineffective to protect his rights. "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" and petitioner has the burden to demonstrate the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir.1992)). Presumably in an effort to meet this burden, Keith provided his medical records. (ECF 47). However, he makes no effort to cite to evidence within the 2,211 pages of records that support his position that he should be excused from exhausting his claims. *See, e.g.*, *Perez v. Johnson*, 122 F.3d 1067, 1997 WL 464599, at *1 (5th Cir. 1997) (The Fifth Circuit does "not require courts to scour the record for factual issues that might support a … litigant's position; it is that litigant's obligation to direct the court's attention to the relevant evidence."); *Yoo v. United States*, No.

---

[3]*See, e.g., Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted).

6:21cv415, 2023 WL 4401623, at *11 (E.D. Tex. May 16, 2023). Further, Keith merely argues that he had an "obvious need" for medical attention, and that "[q]uestions thus follow as to whether Keith could follow all grievance steps due to his medical injuries/incapacity, whether filing grievances on the repetitive cases would have been futile anyway given the continuous decision-making without any medical input or investigation…." (ECF 46 at 4). It is Keith's burden to prove that he is entitled to relief, but he has provided nothing more than speculation that he might be entitled to relief. The Court cannot grant relief based on mere speculation and "questions" as to whether relief *may* be proper.

In addition, Keith's medical condition does not prove that the process itself is ineffective to protect his rights, as is required before Section 2254(b)(1)(B)(ii) applies. Had Keith filed a grievance that had been upheld, he no doubt would take the position that the process protected his rights. Keith's quarrel is with the decisions made by the DHOs, not with the process itself. Keith failed to file grievances after final determination of his third, sixth, eighth and ninth claims. There is no evidence that the process itself failed to protect his rights; it was not given the opportunity to do so. Keith fails to meet his burden to show that exhaustion is excused under Section 2254(b).

**E.      Keith's Claims Are Procedurally Defaulted.**

Any subsequent grievance that Keith attempts to file pertaining to these disciplinary matters would be untimely under TDCJ rules. Thus, Keith's unexhausted claims are procedurally defaulted absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See Moffatt v. Director, TDCJ-CID,* 390 F. Supp.2d 560, 562 (E.D. Tex. 2005) (accepting respondent's argument that, in Texas, "unexhausted disciplinary cases are procedurally barred from federal habeas corpus review because they cannot be reviewed in the prison grievance process"); *Redic v. Thaler*, No. H-09-1573, 2010 WL 56055, at *2-3 (S.D. Tex. Jan. 6, 2010) (extending procedural

default doctrine to cases involving prison disciplinary proceedings).

Keith fails to show an adequate cause for the default and actual prejudice from the default and thus cannot claim an exception to the procedural bar. *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000). Keith has not shown any such extraordinary circumstance, futility of the administrative process, or prejudice; rather, he shows only speculation as to whether his head injury caused his inability to comply with the administrative process. (ECF 46 at 4). However, given that Keith was able to fully comply with the process as pertaining to his fifth case, it appears that the head injury did not cause an inability to comply.

Nor has Keith shown a fundamental miscarriage of justice. "The fundamental miscarriage of justice exception . . . is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (citing *Coleman*, 501 U.S. at 750). "To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Finley*, 243 F.3d at 221 (quoting *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)). Keith offers no evidence of actual innocence in his petition. In fact, he admits that he did not report for work on several occasions. (ECF 6 at 7). Accordingly, Keith's request for relief as to his third, sixth, eighth and ninth disciplinary cases are unexhausted and procedurally barred from review.

## F.     Dismissal With Prejudice.

When a prisoner fails to exhaust his administrative remedies without any valid excuse, the court may dismiss the action without prejudice as to its refiling once the prisoner complies with the exhaustion requirement. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998), *overruled by*

*implication on other grounds by Jones v. Bock,* 549 U.S. 199 (2007).  However, when a prisoner can no longer comply with the exhaustion requirement because the deadline for completing the administrative remedy has passed, the court may dismiss the suit with prejudice.  *See Johnson v. La. ex rel. La. Dep't of Pub. Safety & Corr.,* 468 F.3d 278, 280-81 (5th Cir. 2006) (per curiam). "[P]risoner[s] must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah Cty., Miss*., 351 F.3d 626, 630 (5th Cir. 2003) (per curiam) (internal quotation omitted). Because Keith can no longer comply with the exhaustion requirement, his claims should be dismissed with prejudice.

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Keith's petition should be DISMISSED with prejudice.

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 9, 2026.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).